UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 13-8832 DSF (CWx)<br>CV 15-727 DSF (CWx) - JS 6 | Date | 4/29/15 |
|---|---|---|---|
| Title | Shuxin Li, et al. v. EFT Holdings, Inc., et al.<br>Yunxia Wang, et al. v. EFT Holdings, Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motion to Consolidate (Dkt. No. 156)

Federal Rule of Civil Procedure 42(a) provides:

If actions before the court involve a common question of law or fact, the court may:
(1) join for hearing or trial any or all matters at issue in the actions;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary cost or delay.

A district court has broad discretion to consolidate cases pending in the same district. Investors Research Co. v. U.S. Dist. Court, 877 F.2d 777, 777 (9th Cir. 1989) (citations omitted). In ruling on a motion to consolidate, the court must first determine whether the cases involve a common question of law or fact. Fed. R. Civ. P. 42(a). If so, the court must "weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause," Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). While "considerations of judicial economy favor consolidation," these considerations "must yield to a paramount concern for a fair and impartial trial." Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990). The party seeking consolidation bears the burden of showing that consolidation is appropriate. Servants of the Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1572 (D.N.M. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

There is no question that the underlying facts and circumstances giving rise to the cases previously consolidated under CV 13-8832 and the facts and circumstances presented by CV 15-727 are virtually identical. Both cases also share the same parties and attorneys. Significant time and cost savings will result from consolidating the cases for all purposes. Defendants have raised important issues related to, among other things, adequacy of class counsel and the propriety of a "second bite" at class certification by the same lead counsel. But these issues are not particularly relevant to consolidation and are better dealt with through separate motions directly aimed at striking the class allegations or at disqualifying class counsel or through an opposition to a motion to certify the class.

The motion to consolidate is GRANTED. The lower-numbered case, CV 13-8832 DSF (CWx), is designated the master file. All documents filed hereafter shall bear the name and number of that case. The other case is closed. All further documents are to be e-filed only in the master file and the clerk shall note that no further documents are to be filed in the higher numbered case. All counsel are responsible for ensuring that their clerical personnel understand and comply with this Order. Plaintiffs are to file a single operative consolidated complaint no later than May 11, 2015.

IT IS SO ORDERED.